UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LUCIANA MELO,

              Plaintiff,

v.                                            Case No.:

METROPOLITAN LIFE INSURANCE
COMPANY AND GOOGLE LLC,

              Defendant.
-------------------------------------------------------X

## ERISA COMPLAINT

**A.**    **Introduction**

1. This is an action for benefits pursuant to ERISA 29 U.S.C. 1001 et. seq. under a qualified plan in which there was a partial denial of a claim submitted by Ms. Melo regarding the determination of the amount of disability benefits

**B.**    **The Parties**

2. Plaintiff Luciana Melo (hereinafter "Plaintiff") was at all times relevant in the complaint a resident of New York and in all other respects is sui juris.

3. Plaintiff was covered under Google LLC Plan (hereinafter "the Plan") and was a participant in the plan at all relevant times.

4. Metropolitan Life Insurance Company is the plan administrator at all times relevant in the complaint.

5. At all times hereafter mentioned, the Plan was and is a duly organized and existing qualified trust pension plan as defined in 26 U.S.C. 401 and 26 U.S.C. 411 and Defendant Marist College is responsible for the plan.

6.      Some of the acts complained of herein occurred within the jurisdiction of this United States District Court.

7.      The plan provides employees, such as the Plaintiff, with disability benefits. The amount is determined based upon the income of the Plaintiff. As set forth below, the amount of disability benefits was improperly calculated by the Plan Administrator.

**C.      Jurisdiction and Venue**

8.      The Plan was designed and intended to qualify under the requirements of ERISA, and upon information, it does, in fact, qualify as a plan pursuant to 29 U.S.C. 1002 (1) and (3).

9.      This Court has jurisdiction to hear this ERISA claim pursuant to 29 U.S.C. 1132, and the venue is proper in that the Defendants and Plaintiff can be found in this District.

10.     At all times, the Plaintiff is a qualified participant in the plan pursuant to 29 U.S.C. 1132.

**D.      Factual Statement**

   **1.      Procedural History**

12.     Plaintiff last worked on January 3, 2023 for Google.

13.     Plaintiff was advised by letter dated February 7, 2024, that she was entitled to receive 65% of her pre-disability earning ($93,246.40/12=$7770.53/month), resulting in a gross monthly benefit of $5,050.84.

14.     On November 11, 2024, Plaintiff reported that she returned to work in October 2024, teaching for Department of Education (DOE).

15.     Plaintiff was advised to submit payroll information dated December 11, 2024 and December 20, 2024 of the benefit calculation for the period September 2024 through November 2024.

16.     Thereafter, on December 23, 2024, Plaintiff appealed the 2022 pay summary because Plaintiff's predisability monthly earnings and monthly LTD benefit was miscalculated, and the return to work incentive was not applied correctly. Plaintiff also requested reinstatement of her December 2024 benefit which was unjustifiably stopped.

### 2.     Met Life's Determination

17.     The Plan administrator held that Plaintiff's Predisabilty Earnings were $93,246.40 (/12=$7770.53 monthly). (See Exhibit "A-a letter dated January 30, 2025 and April 17, 2025)

18.     They further held that according to the Plan, Plaintiff's Predisabilty Earnings include her earnings as of your last day of Active Work before her Disability, calculated on a monthly basis. but does not include tips, awards and bonuses, overtime pay, the grant, award, sale, conversion and/or exercise of shares of stock or stock options. It also does not include the Policyholder's contributions on her behalf to any deferred compensation arrangement or pension plan; or any other compensation from the Policyholder.

19.     Therefore, the Plan Administrator determined that her monthly pre-disability Earnings per the Plan would be $7770.53, and monthly base benefit was $5,050.84 (65%).

### E.     Claims Administrator's Determination Was Arbitrary and Capricious

20.     The Plan Administrator has referenced $7,770.53 as Plaintiff's pre-disability earnings in calculating "excess earnings" and LTD benefits.

21.     However, based on her 2022 Pay Summary her total gross earnings for 2022 were $116,999.26.

22.     Thus, Plaintiff's pre-disability monthly earnings should have been calculated as follows:

Monthly Pre-Disability Earnings=12

3

Total Annual Earnings=12116,999.26=9,749.94

23. Therefore, the pre-disability earnings figure of $7,770.53 was arbitrary and capricous and should have been revised to reflect the accurate monthly amount of $9,749.94.

24. In addition, the monthly LTD benefit of $5,050.84 appears to be based on incorrect pre-disability earnings from 2023, a year when Plaintiff was already on disability.

25. MetLife's LTD plan allows for LTD benefits to be combined with earnings from return-to-work employment up to 100% of pre-disability earnings.

26. Plaintiff's return to work began on September 17, 2024, but her earnings reflect only partial work for that month, and it is inaccurate to attribute a full month of earnings to the "excess earnings" calculation.

27. The response did not include a citation of the regulation or guideline that the Claims Administrator relied upon. The Claims Administrator must provide such details to enable the participant to appeal.

28. Also, in a letter dated March 18, 2024, Plaintiff's health coverage under the Google LLC group plan was terminated due to what was deemed an untimely premium payment. However, this decision was made despite the fact that Plaintiff's long-term disability (LTD) claim had been approved. Since Plaintiff's LTD was approved the premium payment regarding COBRA was not applicable.

**F.    Plaintiff is entitled to ERISA benefits.**

29. The Employee Retirement Income Security Act of 1974 (ERISA) permits a person denied benefits under an employee benefit plan to challenge that denial in federal court. 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.*; see § 1132(a)(1)(B). Often, the entity that administers the plan,

4

such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket.

30.     Where the trustees of a plan impose a standard not required by the plan's provisions or interpret the plan in a manner inconsistent with its plain words, or by their interpretation render some provisions of the plan superfluous, their actions are arbitrary and capricious. Here, there is a clear error in judgment.

31.     ERISA regulations require strict compliance, and the failure to comply with the letter of the regulations' requirements triggers a de novo review.

32.     In the case at hand, based on all the record and supporting documentation provided, the Defendant's decision should be reversed, and the Plaintiff should be granted benefits based on her 2022 Pay Summary her total gross earnings for 2022 were $116,999.26..

33.     Plaintiff has furnished Defendant with timely notice and proof of claim and has otherwise performed all the conditions precedent to entitle her to recover benefits.

34.     At all times hereinafter mentioned, Plaintiff should have been qualified and entitled to continue to benefits pursuant to the plan based on her 2022 Pay Summary her total gross earnings for 2022 were $116,999.26..

35.     The continued denial of Plaintiff's rights is arbitrary, illegal, capricious, unreasonable, and contrary to 29 U.S.C. 1001 et. seq. and is not supported by substantial evidence.

36.     Plaintiff has exhausted all administrative remedies available to her under the policy.

37.     Defendant's denial of the Plaintiff's claim for benefits was a breach of the insurance contract.

38.     Defendant's denial of the Plaintiff's claim was capricious in that it was unpredictable as it blatantly ignored the plain language of the plan.

39.     As a direct and proximate result of the actions by Defendant, Plaintiff has incurred attorneys' fees in an amount not yet known to Plaintiff, and her health condition has worsened.

40.     As a direct and proximate result of the actions, Plaintiff has sustained damages in an amount not now known to Plaintiff, but on information and belief, such damages will approximate the amount of the benefits due to Plaintiff in accordance with the plan.

## FIRST CLAIM FOR RELIEF

41.     The continued denial of Plaintiff's rights deprives her of benefits and is arbitrary, illegal, capricious, unreasonable, and contrary to 29 U.S.C. 1001 et. seq.  The decision to classify Insurance premiums deducted from an employee's payroll check on a pre-tax basis is not supported by substantial evidence and is arbitrary, capricious, and a breach of the plain language of the Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment in his favor and against Defendants as follows:

a.      Declaring that the determination by Defendants that Plaintiff's Predisabilty Earnings were $93,246.40 (/12=$7770.53 monthly based on her 2022 Pay Summary instead of the total gross earnings for 2022 of $116,999.26 and Plaintiff's return to work began on September 17, 2024, should reflect only partial work for that month, and it is inaccurate to attribute a full month of earnings to the "excess earnings" calculation is arbitrary and capricious, not supported by substantial evidence, and is in violation of the Plan and it was arbitrary and capricious to terminate Plaintiff's COBRA benefits;

b. Declaring that all rights and benefits due to Plaintiff be vested and non-forfeitable;

c. Awarding Plaintiff, a money judgment for sums due and owing which approximate the amount of the benefits due to Plaintiff in accordance with the plan and compelling Defendant to continue to make payments pursuant to the plan;

d. Awarding that Defendant pay Plaintiff's costs of this suit, together with a reasonable attorney's fee pursuant to 29 U.S.C. 1132 (g) (1);

e. Any other relief that is just and equitable.

Dated: New York, New York
   May 6, 2025

                STEWART LEE KARLIN
                LAW GROUP, PC

                _____
                Stewart Lee Karlin, Esq.
                Attorneys for Plaintiff
                111 John Street, 22nd Floor
                New York, NY 10038
                (212) 792-9670