# Robinson+Cole

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-21-26

MATTHEW P. MAZZOLA

Chrysler East Building
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
mmazzola@rc.com
Direct (212) 451-2914

April 17, 2026

**VIA ECF**
Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Melo v. Metropolitan Life Insurance Co., et al.*, Case No. 25-cv-03813-LAK
     **LETTER MOTION TO SEAL ADMINISTRATIVE RECORD**

Dear Judge Kaplan:

Our firm represents Defendant Metropolitan Life Insurance Company ("MetLife") in connection with the above-refenced action. Pursuant to Sections 6 and 21 of the S.D.N.Y. Electronic Case Filing Rules & Instructions and Your Honor's Individual Rules and ECF Filing Practices in Civil Cases, Defendant MetLife respectfully moves this Court for an order permitting it to file a non-redacted administrative record ("Administrative Record") in this ERISA action under seal for judicial review with the Clerk of the Court. Both Plaintiff Luciana Melo and Defendant Google LLC consent to the relief sought through this Letter Motion.

District courts within the Second Circuit "enjoy[] considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts." *Grayson v. Gen. Elec. Co.*, 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (citing *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000)).

Good cause exists to seal the Administrative Record, which spans more than 6,000 pages. These documents are replete with information regarding Plaintiff's medical conditions, diagnosis and treatment that may be protected health information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA"). *See, e.g.*, *Valentini v. Grp. Health Inc.*, No. 20CV09526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) ("[B]ecause a plaintiff maintains significant privacy rights to her medical information, courts regularly seal records protected from disclosure by HIPAA."); *Offor v. Mercy Med. Ctr.*, 167 F. Supp.3d 414, 445 (E.D.N.Y. 2016) (collecting cases), *vacated in part on other grounds*, 676 Fed. Appx. 51 (2d Cir. 2017) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not

---

Boston | Hartford | New York | Washington, DC | Providence | Miami | Austin | Stamford | Wilmington | Philadelphia | Los Angeles | Albany

rc.com | Robinson & Cole LLP

# Robinson+Cole

Hon. Lewis A. Kaplan
April 17, 2026
Page 2

subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information."); *Barnwell v. FCI Danbury*, 2011 WL 5330215, at *5 (D. Conn. Nov. 3, 2011) (sealing "records relating to [plaintiff's] personal medical treatment" because "[f]ederal law generally treats such records as confidential."); *Northrop v. Carucci*, 2007 WL 685173, at *3 n. 6 (D. Conn. Mar. 5, 2007) ("The record contains over 800 pages of plaintiff's medical records.... No motion to seal them has been filed. Courts ordinarily apply a strong presumption against sealing court records.... However, federal law treats medical records as confidential. .... Therefore, plaintiff's medical records will be sealed by the Clerk."). Accordingly, sealing the entire Administrative Record is the most narrowly tailored means available for protecting Plaintiff's PHI.

In addition, the documents comprising the Administrative Record are laced with references to Plaintiff's social security number, date of birth, home address and other sensitive and personally identifiable information ("PII").

In light of the sheer volume of PHI and PII spanning the Administrative Record, virtually all of the documents submitted for judicial review would need to be redacted. This would be an extremely burdensome task. Making the Administrative Record available for public inspection would serve very little, if any, public purpose and would risk significant intrusion on Plaintiff's privacy. Disclosure of the information in the Administrative Record in the public record, if left unredacted in error, could cause serious and irreparable injury to Plaintiff by disclosing highly private and personal information. As a practical matter, there is no less restrictive alternative available than submitting a non-redacted Administrative Record directly to the Clerk of the Court under seal. *See Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.,* No. 2:24-CV-07058 (SJB) (JMW), 2025 WL 1384157, at *3 (E.D.N.Y. May 13, 2025) (granting motion to seal upon consideration of the *Lugosch* factors, holding the "privacy interests" of the movant, including the disclosure of social security numbers and other PII, outweighed the presumption of public access).

In light of all of the foregoing, Defendant respectfully requests that the Court enter an order permitting it to file a non-redacted Administrative Record under seal for judicial review with the Clerk of the Court.

Respectfully submitted,

*M.H.P.Mazzola*

Matthew P. Mazzola

Granted

SO ORDERED

LEWIS A. KAPLAN, USDJ    4/21/26